IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, CENTRAL DIVISION

| | |
|---|---|
| CHARLES H. COOPER, JR., | ) Miscellaneous Case No. |
| Plaintiff, | ) 1:22 MC 00005 |
| v. | ) Arising from Civil Action |
| | ) No. 2:20-CV-3332 in the |
| LONGWOOD FOREST PRODUCTS, INC., et al. | ) United States District Court |
| | ) Southern District of Ohio, Eastern |
| | ) Division |
| Defendants. | ) |
| | ) JUDGE POLSTER |

## DEFENDANTS LONGWOOD FOREST PRODUCTS, INC. AND WAYFAIR LLC'S MOTION FOR CONTEMPT ARISING OUT OF SUBPOENA IN CASE 2:20-CV-3332 IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

Now come Defendants Longwood Forest Products, Inc. and Wayfair LLC and move this Court for an order to hold Jerry Boone, Jr. in contempt for his failure to comply with a subpoena served on him under Rule 45(g) of the Federal Rules of Civil Procedure.

Before addressing the specifics of Mr. Boone's contempt of the command to appear at deposition, it is important to provide an overview of the numerous efforts made to secure his deposition short of issuing a subpoena and Mr. Boone's repeated steps to frustrate these efforts.

Plaintiff Charles Cooper, Jr. in Case 2:20-cv-3332 is the Administrator of the Estate of J.B.[1] Plaintiff alleges that two-year old J.B. died as a result of becoming entrapped in a

---

[1] The Court in Case 2:20-cv-3332 waived application of Civ. R. 5.2 regarding confidentiality as to minors, but in an abundance of caution the minor will be identified as J.B. here.

defective product, specifically a bunk bed ladder. *See generally*, Amended Complaint at Doc # 12. Mr. Boone is the father of J.B. Exhibit A, deposition of Tera Dean at p. 14. Mr. Boone was temporarily residing with Tera Dean, J.B.'s mother, in the weeks leading up to the incident. *Id.* Mr. Boone was in the house on the morning of the incident. *Id.* at pp. 99-100. Thus, Mr. Boone is a critical witness as to his observations of the subject bunk bed, including allowing defendants to verify Ms. Dean's testimony that the ladder had never been attached to the top rail of the bunk (Exhibit A at p. 87), as well as provide testimony as to the use of the bunk bed by the children, and Ms. Dean's contemporaneous statements following the incident.

To this end, Mr. Boone was first noticed for a deposition by agreement (Doc # 56) for August 12, 2021. It is noted that plaintiff's counsel is counsel for the Administrator of the Estate of J.B. and has not filed an appearance on behalf of Mr. Boone but took on the role as an intermediary with respect to Mr. Boone. In that capacity, plaintiff's counsel indicated that Mr. Boone was available for his deposition on August 12, 2021 and would be attending on that date. On August 5, 2021, however, plaintiff's counsel indicated that the deposition should be rescheduled as the result of a series of deaths in the Dean/Boone family.

On August 26, 2021, a second notice of deposition (Doc # 58) was issued for August 31, 2021, again by agreement and based upon the representation that Mr. Boone was available on that date and would attend on that date.

On August 27, 2021, plaintiff's counsel contacted the undersigned stating that Mr. Boone refused to appear at the deposition because he did not intend to give any testimony in this matter.

On October 15, 2021, defendants issued a subpoena under Case 2:20-cv-3332 in the U.S. District Court for the Southern District of Ohio commanding Mr. Boone to attend and give testimony on November 4, 2021, via videoconference. As such, he was not required to travel beyond the geographical limits set out in Civ. R. 45. Mr. Boone resides in Elyria, Ohio and therefore the Northern District is the district in which compliance was required. A witness fee of $40.00 was enclosed. A travel fee was not enclosed because the subpoena indicated that the deposition would be by Zoom at Mr. Boone's choice of location, which would include his residence. The subpoena was served by certified mail and Mr. Boone signed for the subpoena. See Exhibits B and C.

Following service of the subpoena, again plaintiff's counsel served as an intermediary and it was agreed that the subpoenaed deposition would take place on November 8, 2021. The new date was incorporated into a revised deposition notice (Doc # 64).

On the afternoon of November 8, 2021, shortly in advance of the deposition, plaintiff's counsel contacted the undersigned to provide notice that that Mr. Boone was again balking at appearing at the deposition. No aspersion is being cast upon plaintiff's counsel here as within the record made on that date (Exhibit D), plaintiff's counsel indicated that on Friday November 5, 2021, Mr. Boone confirmed his intent to attend the deposition, and that the first notice received from Mr. Boone that he was again refusing to testify came at approximately 12:30 on the afternoon on November 8, 2021. Mr. Boone reportedly is of the belief that because he does not want to talk about his past and was not in the house at the exact time of the incident, he "has nothing to offer as a witness." Ex. D. This is simply not accurate and more to the point, not his determination to make.

Mr. Boone's failure to comply is without any cognizable excuse in that at no time has Mr. Boone filed any written objection to any deposition or the subpoenaed deposition, filed a protective order regarding any deposition or the subpoenaed deposition, or filed a motion to quash the subpoenaed deposition. Moreover, the evidence from plaintiff's counsel is that Mr. Boone was fully on notice of the subpoenaed deposition and available to attend, but simply wished not to.

The course of conduct set out above demonstrates that it is unreasonable to require defendants to attempt to secure Mr. Boone's deposition for the fourth time without the assistance of the Court.

The only appropriate remedy for Mr. Boone's willful noncompliance with the subpoena is to hold Mr. Boone in contempt of this Court until he complies with the subpoena, and it is respectfully requested that if he fails to purge himself of this contempt within 30 days of the Court's order finding him in contempt, that he then be assessed the defendants' costs and fees incurred by reason of his contemptuous conduct as to be set forth in a supplemental filing.

*Tina Rhodes*
Edward G. Hubbard (0067784)
Joseph A. Gerling (0022054)
Weston Hurd, LLP
101 East Town St., Suite 500
Columbus, Ohio 43215
PHONE: (614) 280-1125
FAX:  (614) 280-0204
ehubbard@lanealton.com
jgerling@lanealton.com
trhodes@westonhurd.com

Tina Y. Rhodes (0036903)
Weston Hurd, LLP
1300 East Ninth Street Suite 1400
Cleveland OH 44114
(216) 241-6602
trhodes@westonhurd.com
**Attorneys for Defendants Longwood Forest Products, Inc. and Wayfair Purchasing LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 24, 2022, a copy of the foregoing was filed with the Clerk of Courts, and served via electronic mail to the following:

Daniel R. Mordarski, Esq.
Law Offices of Daniel R. Mordarski LLC
5 East Long Street, Suite 1100
Columbus, OH 43215
dan@mordarskilaw.com
*Attorney for Plaintiff*

Charles Steven Rabold, Esq.
Benjamin F. Barrett Sr., Esq.
Miraldi and Barrett, Attorneys
6061 S. Broadway Ave.
Lorain, OH 44053
ben@mirbar.com
csrabold@hotmail.com
*Attorneys for Plaintiff*

And via certified mail to:

Jerry Boone, Jr.
447 11th St
Elyria, OH 44035-7036

/s/ Tina Rhodes
Tina Rhodes (0036903)

5