Case: 1:22-mc-00005-DAP  Doc #: 1-3  Filed: 01/25/22  1 of 7.  PageID #: 14



**Lane Alton**

Attorneys at Law

TWO MIRANOVA PLACE
SUITE 220
COLUMBUS, OH 43215

TELE: 614-228-6885
FAX: 614-228-0146
www.lanealton.com

COLLIS GUNDY LANE (1904-1997)
JACK R. ALTON (1925-2011)
THEODORE L. HORST (1908-2000)

CURTIS F. GANTZ (inactive)
CRAIG D. LEISTER (inactive)

WRITER'S DIRECT DIAL
614-233-4731

WRITER'S E-MAIL
ehubbard@lanealton.com

THOMAS I. BLACKBURN
ERIC S. BRAVO
SCOTT A. FENTON
JOSEPH A. GERLING
EDWARD G. HUBBARD
JEFFREY W. HUTSON
WAYNE A. JENKINS
THOMAS J. KEENER
MICHAEL J. KELLEY
JEFFREY J. MADISON
RICK E. MARSH
DENNIS J. MORRISON

ROBERT M. MORROW
CHRIS O. PAPARODIS
CHRISTOPHER R. PETTIT
GREGORY D. RANKIN
JAMES P. SEGUIN
CLAUDIA L. SPRIGGS
MONICA L. WALLER
ROBERT J. WALTER
SIQIN "CAROL" WANG
STEPHEN B. YURIK

COUNSEL TO THE FIRM
JAMES W. LEWIS

October 15, 2021

JERRY BOONE, JR.
447 11TH ST
ELYRIA, OH 44035-7036

     RE:    **Cooper v. Longwood Forest Products, Inc., et al.**
             **Case No. 2:20-cv-3332**

**Via Certified Mail #7012 2210 0000 3927 5397**

Dear Mr. Boone,

     Attached please find a subpoena for your appearance at a deposition on November 4, 2021 at 10:00 a.m., and check representing a witness appearance fee of $40.00.

     Please note that I attach the information necessary for you to attend the deposition by video conference at Exhibit A to the subpoena. If you are represented by any attorney, please have them contact me to discuss this matter. If you would prefer for the deposition to take place in person, or at a specific location, please advise the Court Reporter Service indicated in the exhibit to the subpoena and alternative arrangements will be made.

                      Very truly yours,

                      **LANE ALTON**

                      */s/ Edward G. Hubbard*

                      Edward G. Hubbard

CC:    Daniel R. Mordarski, Esq.
       C. Steven Rabold, Esq
       Spectrum Court Reporters.

Exhibit B

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of Ohio

| | | |
|---|---|---|
| CHARLES H. COOPER, JR. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:20-CV-3332 |
| | ) | |
| LONGWOOD FOREST PRODUCTS, INC., ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                                       JERRY BOONE, JR.

_____

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: BY ZOOM VIDEO AT MR. BOONE'S CHOICE OF LOCATION.  See Exhibit A attached for information. | Date and Time: 11/04/2021 10:00 am |
|---|---|

The deposition will be recorded by this method:   TRANSCRIPTION AND VIDEO

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/15/2021

          *CLERK OF COURT*

                                                          OR

_____                    /s/ Edward G. Hubbard
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Longwood Forest Products, Inc, et al.
_____ , who issues or requests this subpoena, are:

Edward G. Hubbard, Lane Alton, 2 Miranova Pl., #220, Columbus, OH 43214, ehubbard@lanealton.com 614.233.4731

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:20-CV-3332

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Cooper v. Longwood Forest Products, Inc., et al.
Case No. 20CV003270

## Exhibit A

**Please contact Spectrum Reporting at:**

**614-444-1000 or 800-635-9071 or** <u>info@spectrumreporting.com</u> **to provide**

**them a preferred email for them to send you a Zoom Link.**

| | |
|---|---|
| Case Style: | Charles H. Cooper, Jr. v. Longwood Forest Products, Inc, et al. |
| Case Number: | 2:20-cv-3332 |
| Witness: | Jerry Boone, Jr. |
| Date: | Thursday, 11/04/2021, Time: 10:00 a.m. ET, Estimated End Time: 5:00 p.m. |
| Location: | REMOTE VIDEOCONFERENCE<br>Everyone attending remotely |
| Attorney/Staff Notes: | Please provide expected duration and any additional email addresses needed for Zoom invite.<br><br>Everyone will attend remotely.<br><br>Spectrum will create Zoom link and send to:<br>ehubbard@lanealton.com<br>jgerling@lanealton.com<br>amyers@lanealton.com<br>dan@mordarskilaw.com<br>ben@mirbar.com |
| Category: | Reporter, Videographer, Videoconference |

154578

| CHECK DATE | CHECK NUMBER |
|---|---|
| 10/15/2021 | 000154578 |

TOTAL          40.00

**LANE, ALTON & HORST LLC**
ATTORNEYS AT LAW
TWO MIRANOVA PLACE SUITE 220
COLUMBUS, OHIO 43215-7052

FCBANK
A DIVISION OF CNB BANK
60-827/813

PAY:   *Forty and 00/100 Dollars*

DATE
10/15/2021

000154578

AMOUNT
**********40.00

TO THE
ORDER
OF
**JERRY BOONE, JR.**

VOID IF NOT PRESENTED WITHIN NINETY DAYS OF ISSUE

AUTHORIZED SIGNATURE



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Postmark
Here

10-15-21

JERRY BOONE, JR.
447 11TH ST
ELYRIA, OH 44035-7036

7015 2510 0000 3927 5397